UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| SAMUEL L. EDWARDS, | Case No. 2:22-cv-3488 |
| Plaintiff, | |
| vs. | District Judge Michael H. Watson |
| | Magistrate Judge Caroline H. Gentry |
| SHERIFF DALLAS BALDWIN, et al., | **REPORT AND** |
| Defendants. | **RECOMMENDATION** |

Plaintiff, a prisoner at the Franklin County Corrections Center, has filed a pro se civil rights complaint in this Court against defendants Sheriff Dallas Baldwin, Tonja Phillips, Syble Sayon, Nalea Whiting, Tresalyn Butler, Carolyn Pierce, Jason Poindexter, Sgt. Young, Mike Turner, and two John Doe defendants. (*See* Doc. 1-1, Complaint at PageID 9). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis.*

This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**Screening of Plaintiff's Complaint**

**A. Legal Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous,

malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)(1) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

---

[1] Formerly 28 U.S.C. § 1915(d).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

B. **Allegations in the Complaint**

In the complaint, without any factual elaboration, plaintiff includes the following allegations:

1. On or about 11-30-19 to 3-15-20 never received a change of clean linen
2. Medical sick call request were put in 1-22-20, 2-11-20, 4-1-20, 5-12-20, 5-13-20, 6-10-20. Didn't receive help until July or Aug.

3

3. Visit denied 1-19-20 & 1-5-20 Lindsay Taylor 1-9-20 Jayletta Fox-Riggs & 6-23-20 12-22-20 Kristian Kellams 4-20-21 – 6-2921 Tysann Bowman 8-10-21 Ms. Denilla Jenkins 8-31-21 Shereasa Warner 10-19-21 Curtis Holman never came to get me for visit 5-24-22 Talitha Williams 7-19-22 Iyann Sullivan 9-29-20 Lindsey Taylor
4. Mail is being held or returned to sender. On or about 9-8-21 I was allowed to look in property and found $100 money order and 6 pieces of mail not received. 1-12-22 received pictures sprayed with unknown liquid
5. Self help programs are not available to PC inmates
6. Mental Health from the time I was incarcerated in PC until 4-15-22 was the first time I was able to see them and I had to do a hunger strike to be seen.
7. Food Service not 2800 calories per day
8. Maint[en]ance 4-15-22 Mold issue came 7-21-22, Oct of 2020 to 4-15-22 never fixed leaking toilet
9. Recreation we have a gym but we never go
10. Phone service over charge to talk to family and friends
11. Commissary over charge

(Doc. 1-1, Complaint at PageID 10).

As relief, plaintiff seeks money damages. (*Id.* at PageID 11).

**C. Analysis**

The Court understands plaintiff's complaint to be brought under 42 U.S.C. § 1983, which provides that "[e]very person who, under the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. As noted above, in order to avoid dismissal under 28 U.S.C. § 1915(e)(2)(B), "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face," which requires that "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556, 570) (internal quotation marks omitted). In this case, the complaint does not include any factual allegations against the named defendants. Plaintiff merely provides a list of incidents without specifying what defendants did or failed to do that he claims

4

resulted in a violation of his rights. (Doc. 1-1, Complaint at PageID 10). Such "naked assertion[s] devoid of further factual enhancement" fail to meet the basic pleading standard under *Twombly*. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). Plaintiff has pled insufficient factual content to state a claim for relief. *See Twombly,* 550 U.S. at 5. *See, e.g.*, *Miller v. Ohio Dep't. Rehab. & Corr.*, Case No. 1:20-cv-597, 2020 WL 5369059, at *2 (S.D. Ohio Aug. 5, 2020) ("Without any allegations of wrongdoing on the part of the named defendants the complaint is subject to dismissal.") (Report & Recommendation), *adopted*, 2020 WL 5230886 (S.D. Ohio Sept. 2, 2020).

Accordingly, because plaintiff has failed to state an actionable claim against the named defendants, the complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**IT IS THEREFORE RECOMMENDED THAT:**

1. The plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to,

5

and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


Date:  February 8, 2023                                       */s/ Caroline H. Gentry*
                                                                                   Caroline H. Gentry
                                                                                   United States Magistrate Judge